**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **KYLE NICHOLS,**<br>**Individually and on behalf**<br>**of all others similarly situated,** | § § § § § | |
| *Plaintiff,* | § § | Civil Action No. __7:19-cv-00079__ |
| **v.** | § § | |
| **AMD ENERGY SERVICES LLC and**<br>**ALBERT DeHOYOS** | § § § | **JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendants.* | § § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Kyle Nichols brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for AMD Energy Services LLC and Albert DeHoyos (hereinafter "Defendants" or "AMD Energy"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act ("FLSA").

### I.
### OVERVIEW

1.      This lawsuit includes a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2.      Plaintiff and the Putative Class Members are those similarly situated persons who worked for AMD Energy at any time from March 25, 2016 through the final disposition of this matter and were not paid any overtime.

3.      Although Plaintiff and the Putative Class Members routinely worked (and work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      The decision by AMD Energy not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

5.      AMD Energy knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

7.      Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9.      Plaintiff Kyle Nichols ("Nichols") worked for AMD Energy during the relevant time-period. Plaintiff Nichols did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Kyle Nichols is hereby attached as Exhibit "A."

10.     The Putative Class Members are those similarly situated employees who worked for AMD Energy at any time from March 25, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Nichols worked and was paid.

11.     Defendant AMD Energy Services LLC ("AMD Energy") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Albert DeHoyos, 1120 S FM 1788, Midland, Texas 79706**.

12.     Defendant Albert DeHoyos ("DeHoyos") is the Owner and President of AMD Energy, and an employer as defined by 29 U.S.C. § 203(d). Defendant DeHoyos may be served at **1120 S FM 1788, Midland, Texas 79706, or wherever he may be found**.

13.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have maintained common ownership, oversight and control over AMD Energy and Plaintiff and the Putative Class Members during the relevant time period. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the employment for the workweeks at issue in this case during the relevant time period.

### III.
### JURISDICTION & VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

15.     This Court has personal jurisdiction over AMD Energy because the cause of action arose within this District as a result of AMD Energy's conduct within this District.

16.     Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17.     Specifically, AMD Energy has maintained a working presence throughout the State of Texas and Plaintiff Nichols performed work for AMD Energy in West Texas, all of which are located within this District and Division.

18.     Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19.     AMD Energy is an oilfield service company servicing the oil and gas industry in the State of Texas.

20.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

21.     Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

22.     Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

23.     Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

24.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

25.     Defendants shared the services of Plaintiff and other similarly situated employees.

26.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

27.     Specifically, Defendants dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of AMD Energy and/or their clients.

28. Further, Defendants manage key internal relationships to AMD Energy—that is, Defendants direct the financials of AMD Energy and control the salary pay and non-discretionary job bonuses/day rates of Plaintiff and the Putative Class Members who directly or indirectly report to Defendants.

29. Moreover, Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

30. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

31. To provide their services, AMD Energy employed (and continues to employ) numerous oilfield workers—including Plaintiff Nichols and the individuals that make up the putative or potential class.

32. While exact job titles may differ, these oilfield workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

33. Plaintiff and the Putative Class Members provided oilfield services for AMD Energy's benefit and were all paid a salary plus a day rate but no overtime.

34. Specifically, Plaintiff Nichols was employed by AMD Energy as a Well Tester from approximately May 2016 until May 2018 and was paid a monthly salary of $5,000.00 plus $450.00 per day, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

35. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, AMD Energy did not pay Plaintiff and the

Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

36.     Plaintiff and the Putative Class Members' primary job duties related to providing oilfield services for AMD Energy, services which were (and continue to be) assigned by AMD Energy.

37.     Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by AMD Energy and/or their clients.

38.     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by AMD Energy.

39.     Virtually every job function was pre-determined by AMD Energy, including how to perform the tasks set by AMD Energy, the schedule of work, and related work duties.

40.     In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of these predetermined parameters.

41.     Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

42.     Indeed, Plaintiff and the Putative Class Members rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

43.     Plaintiff and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

44.     Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of AMD Energy.

45.     Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

46.     Plaintiff and the Putative Class Members did not supervise two or more employees.

47.     Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

48.     The non-discretionary job bonuses/day rates paid to Plaintiff and the Putative Class Members were meant to encourage and motivate Plaintiff and the Putative Class Members to work harder and to reward them for their hard work.

49.     The non-discretionary job bonuses/day rates were based upon a pre-determined formula established by Defendants. Moreover, specific criteria had to be met in order to receive the job bonuses/day rates.

50.     When Plaintiff and the Putative Class Members met the criteria, they were entitled to receive the job bonuses/day rates.

51.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

52.     Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

53.     Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

54.     Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

55.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

56.     Defendants applied this pay practice despite clear and controlling law that states that the routine and manual labor duties which were performed by Plaintiff and the Putative Class Members consisted of ***non-exempt*** work.

57.     Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

**V.**
**CAUSE OF ACTION**

**A.     FLSA COVERAGE**

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WERE EMPLOYED BY AMD ENERGY SERVICES, LLC AND/OR ALBERT DEHOYOS, AT ANY TIME FROM MARCH 25, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

60.     At all material times, AMD Energy has been a joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

61.     At all material times, AMD Energy has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

62.     At all material times, AMD Energy has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because AMD Energy has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

63.     Specifically, AMD Energy purchased materials through commerce, including uniforms for Plaintiff and the Putative Class Members, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

64.     At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

65.     At all material times, AMD Energy has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.     FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

66.     AMD Energy violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(2)(a), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment for all hours in excess of forty (40) per week at rates at least one and one-half times the regular rates for which they were employed.

67.     AMD Energy is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

68.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted AMD Energy to pay according to the law.

69.     The decision and practice by AMD Energy to not pay any overtime was neither reasonable nor in good faith.

70.     Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked over forty each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to their overtime wages, in addition to attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

71.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Nichols.

72. Other similarly situated employees have been victimized by AMD Energy's patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective Members are defined in Paragraph 59.

74. AMD Energy's systematic failure to timely pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of Plaintiff Nichols.

75. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty (40) hours per workweek.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) each week.

79. AMD Energy has employed (and continues to employ) numerous oilfield workers during the past three years.

80. Absent a collective action, many members of the proposed FLSA class will not likely obtain redress of their injuries and AMD Energy will retain the proceeds of their rampant violations.

81. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

82.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 59 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

83.     Plaintiff respectfully prays for judgment against AMD Energy as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 59 and requiring AMD Energy to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order pursuant to Section 16(b) of the FLSA finding AMD Energy liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.     For an Order awarding the costs and expenses of this action;

e.     For an Order awarding attorneys' fees;

f.     For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.     For an Order awarding Plaintiff Nichols a service award as permitted by law;

h.     For an Order compelling the accounting of the books and records of AMD Energy, at AMD Energy's own expense; and

i.     For an Order granting such other and further relief as may be necessary and appropriate.

Date:   March 25, 2019                     Respectfully submitted,

                                           ANDERSON ALEXANDER, PLLC

                                    By:    /s/ Clif Alexander
                                           **Clif Alexander**
                                           Texas Bar No. 24064805
                                           clif@a2xlaw.com
                                           **Lauren E. Braddy**
                                           Texas Bar No. 24071993
                                           lauren@a2xlaw.com
                                           **Alan Clifton Gordon**
                                           Texas Bar No. 00793838
                                           cgordon@a2xlaw.com
                                           **Carter T. Hastings**
                                           Texas Bar No. 24101879
                                           carter@a2xlaw.com
                                           819 N. Upper Broadway
                                           Corpus Christi, Texas 78401
                                           Telephone: (361) 452-1279
                                           Facsimile: (361) 452-1284

                                           ***Attorneys in Charge for Plaintiff and the Putative
                                           Class Members***